■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL J. MARTIN, Appellant. [812 NYS2d 121]—Appeal by the defendant from a judgment of the County Court, Orange County (DeRosa, J.), rendered April 4, 2005, convicting him of burglary in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's challenge to the validity of his plea is unpreserved for appellate review since he did not move to withdraw his plea before the court of first instance (*see People v Clarke,* 93 NY2d 904, 905 [1999]; *People v Pellegrino,* 60 NY2d 636, 637 [1983]; *People v Velazquez,* 21 AD3d 388 [2005]). The "rare case" exception to the preservation requirement is inapplicable because the defendant's recitation of the facts did not negate an essential element of the crime, or cast significant doubt on his guilt (*see People v Lopez,* 71 NY2d 662, 666 [1988]). Contrary to the defendant's contention, his statements to the Orange County Department of Probation did not negate the intent element of the crime so as to require the County Court to conduct a further inquiry (*see People v Lopez, supra*).

The defendant's contention that the County Court should have, sua sponte, ordered a competency examination pursuant to CPL 730.30 is without merit (*see People v Pryor,* 11 AD3d 565, 566 [2004]; *People v Gomez,* 256 AD2d 356 [1998]; *People v Rowley,* 222 AD2d 718 [1995]; *People v Hollis,* 204 AD2d 569 [1994]; *People v Polimeda,* 198 AD2d 242, 243 [1993]). Florio, J.P., Santucci, Mastro, Rivera and Covello, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY MAYHOOD, Appellant. [810 NYS2d 369]—Appeal by the defendant, as limited by his brief, from a sentence of the County Court, Orange County (DeRosa, J.), imposed September 13, 2004, on the ground that the sentence is excessive.

Ordered that the sentence is affirmed.

As part of his plea agreement, the defendant effectively waived appellate review of his claim that the sentence imposed was excessive (*see People v Muniz,* 91 NY2d 570 [1998]; *People v Seaberg,* 74 NY2d 1 [1989]). Miller, J.P., Ritter, Luciano, Spolzino and Dillon, JJ., concur.