THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAFAEL TABARES, Appellant. [860 NYS2d 114]—

Judgments, Supreme Court, New York County (Daniel P.

FitzGerald, J.), rendered January 13, 2006, convicting defendant, upon his pleas of guilty, of burglary in the third degree and robbery in the third degree, and sentencing him, as a second felony offender, to consecutive terms of $3^{1}/_{2}$ to 7 years, unanimously affirmed.

Since defendant's plea withdrawal motion was based on a completely different claim from the one he raises on appeal, his present claim that his plea was coerced by the court's alleged misrepresentation as to his sentencing exposure had he gone to trial is unpreserved (*see People v Cerveira*, 6 AD3d 294 [2004], *lv denied* 3 NY3d 704 [2004]), and we decline to review it in the interest of justice. As an alternative holding, we find the claim without merit. The court's statement that defendant would have faced a mandatory minimum sentence of 16 years to life as a persistent violent felony offender, had he rejected the plea bargain and been convicted after trial of second-degree burglary, was entirely correct. Although, at the time of the plea, the court reduced the second-degree burglary charge to third-degree burglary under CPL 210.20 (1-a), it is clear from the record that the reduction was for purposes of disposition.

Defendant made a valid waiver of his right to appeal (*see People v Ramos*, 7 NY3d 737 [2006]), which forecloses his excessive sentence claim. As an alternative holding, we perceive no basis for reducing the sentence. Concur—Saxe, J.P., Nardelli, Moskowitz, Acosta and DeGrasse, JJ.