Appeals by the defendant from two judgments of the Supreme Court, Westchester County (Zambelli, J.), both rendered March 5, 2013, convicting him of criminal sale of a controlled substance in the third degree under indictment No. 12-01273, and attempted criminal possession of a controlled substance in the fourth degree under superior court information No. 12-01350, upon his pleas of guilty, and imposing sentences.
Ordered that the judgments are affirmed.
The defendant contends that he was deprived of his constitutional right to the effective assistance of counsel based on defense counsel’s failure to advise him about the immigration consequences of his pleas of guilty (see Padilla v Kentucky, 559 US 356 [2010]). In evaluating an ineffective assistance of counsel claim, the courts look to the fairness of the proceedings as a whole, or whether the defendant received meaningful representation (see People v Heidgen, 22 NY3d 259, 278 [2013]; People v Caban, 5 NY3d 143, 156 [2005]). “[A] defendant’s showing of prejudice [is] a significant but not indispensable element” in determining whether the standard of meaningful representation was achieved (People v Stultz, 2 NY3d 277, 284 [2004]; see *964 People v Heidgen, 22 NY3d at 278-279; People v Benevento, 91 NY2d 708, 714 [1998]). In the context of a Padilla claim, a defendant “must convince the court that a decision to reject the plea bargain would have been rational under the circumstances” (Padilla v Kentucky, 559 US at 372; see People v Picca, 97 AD3d 170, 178 [2012]).
Here, the defendant failed to demonstrate that a decision to reject the pleas would have been rational under the circumstances (cf. People v Picca, 97 AD3d at 184-185). Since there was no reasonable probability that the result would have been different and that he would not have taken the pleas, the defendant’s claim also fails under the federal standard (see Strickland v Washington, 466 US 668, 694 [1984]).
Although a claim that a plea of guilty was not voluntary survives a valid waiver of the right to appeal (see People v Seaberg, 74 NY2d 1, 10 [1989]; People v Persaud, 109 AD3d 626 [2013]), the defendant failed to preserve for appellate review his contention that his pleas of guilty were not knowing, voluntary, or intelligent since he did not move to withdraw his pleas on this ground prior to the imposition of sentence (see CPL 220.60 [3]; People v Clarke, 93 NY2d 904, 906 [1999]; People v Ovalle, 112 AD3d 971 [2013]; People v Devodier, 102 AD3d 884 [2013]). Further, the exception to the preservation requirement does not apply here, since the defendant’s plea allocutions did not cast significant doubt upon his guilt, negate an essential element of the crimes, or call into question the voluntariness of the pleas (see People v Lopez, 71 NY2d 662, 666 [1988]). In any event, this contention is without merit. Rivera, J.P, Leventhal, Austin and Roman, JJ., concur.