■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TURHAN F. JESSAMY, Appellant. [28 NYS3d 376]—Appeal by the defendant from a judgment of the County Court, Westchester County (Hubert, J.), rendered June 9, 2011, convicting him of reckless endangerment in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The record demonstrates that the defendant knowingly, voluntarily, and intelligently waived his right to appeal, in connection with his guilty plea (*see People v Ramos*, 7 NY3d 737, 738 [2006]; *People v Lopez*, 6 NY3d 248, 256-257 [2006]). The defendant's valid waiver precludes appellate review of his challenge to the hearing court's suppression determination (*see People v Kemp*, 94 NY2d 831, 833 [1999]; *People v Hackett*, 93 AD3d 807 [2012]; *People v Pena*, 73 AD3d 1216 [2010]; *People v Johnson*, 58 AD3d 868 [2009]).

The defendant claims that he was deprived of his right to be present at or to participate in the *Sandoval* hearing (*see People v Sandoval*, 34 NY2d 371 [1974]). The defendant forfeited that claim by his plea of guilty and valid waiver of the right to appeal (*see People v Henderson*, 233 AD2d 253, 254 [1996]; *see also People v Drago*, 50 AD3d 920 [2008]).

By validly waiving his right to appeal, the defendant forfeited the right to challenge the effectiveness of his trial counsel, except insofar as counsel's alleged deficiencies affected the voluntariness of the defendant's guilty plea itself (*see People v Petgen*, 55 NY2d 529, 535 n 3 [1982]; *People v Williams*, 84

AD3d 1417, 1418 [2011]; *People v Drago*, 50 AD3d at 920). The defendant did not move to vacate the plea, and his challenge to the validity of the guilty plea is therefore not preserved for appellate review (*see People v Toxey*, 86 NY2d 725, 726 [1995]; *People v Lopez*, 71 NY2d 662, 665 [1988]; *People v Franco*, 104 AD3d 790 [2013]). In any event, the record demonstrates that the defendant was afforded the effective assistance of counsel in connection with the guilty plea (*see People v Bennett*, 115 AD3d 973, 974 [2014]; *People v Howard*, 109 AD3d 487 [2013]; *People v Perez*, 51 AD3d 1043 [2008]). Rivera, J.P., Austin, Sgroi and Barros, JJ., concur.