■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAWRENCE ELLIOT, Appellant. [27 NYS3d 386]—

Judgment, Supreme Court, New York County (Melissa C. Jackson, J.), rendered July 10, 2013, as amended July 29, 2013, convicting defendant, upon his plea of guilty, of predatory sexual assault, and sentencing him to a term of 13 years to life, unanimously affirmed.

Defendant's contention that his plea was rendered involuntary by the court's allegedly coercive statements about his potential sentence is unpreserved because his remarks at sentencing neither clearly requested to withdraw the plea nor articulated the ground he raises on appeal (*see People v Ali*, 96 NY2d 840 [2001]; *People v Tabares*, 52 AD3d 437 [1st Dept 2008], *lv denied* 11 NY3d 835 [2008]), and we decline to review defendant's contention in the interest of justice. As an alternative holding, we find that the court's reference to a probable sentence upon conviction after trial, although ill-advised, did not render the plea involuntary (*see People v Cornelio*, 227 AD2d 248 [1996], *lv denied* 88 NY2d 982 [1996]; *see also Bordenkircher v Hayes*, 434 US 357, 364 [1978]).

Defendant made a valid waiver of his right to appeal, which forecloses review of his suppression claim (*see People v Lopez*, 6 NY3d 248, 256-257 [2006]). The court's colloquy adequately described the waiver of his right to appeal and did not "lump[ ] it into the panoply of rights normally forfeited upon a guilty plea" (*People v Sanders*, 25 NY3d 337, 341 [2015]). Moreover, defendant signed a written waiver, which he had discussed with counsel, that adequately supplemented the oral colloquy (*see People v Lewis*, 127 AD3d 569 [1st Dept 2015], *lv denied* 26 NY3d 931 [2015]). As an alternative holding, we find that defendant's suppression motion was properly denied for all of the reasons stated by the court. Concur—Tom, J.P., Sweeny, Manzanet-Daniels, Gische and Gesmer, JJ.