■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHNNY BLANDING, Appellant. [30 NYS3d 864]—

Judgment, Supreme Court, New York County (Daniel P. FitzGerald, J.), rendered June 21, 2013, convicting defendant, upon his guilty plea, of attempted assault in the first degree, and sentencing him, as a second violent felony offender, to a term of 7½ years, and order (same court and Justice), entered on or about June 13, 2014, denying defendant's CPL 440.10 motion to vacate his conviction, unanimously affirmed.

Because defendant's motion to withdraw his guilty plea was premised on completely different grounds from those he asserts on appeal, his present claim that his plea was coerced by the court's statements during the plea proceeding is unpreserved (see People v Tabares, 52 AD3d 437 [1st Dept 2008], lv denied 11 NY3d 835 [2008]), and we decline to review it in the interest of justice. As an alternative holding, we find the plea was knowingly, voluntarily, and intelligently entered, and that the court's accurate description of the potential consequences of a conviction after trial was not coercive (see id.).

Defendant's ineffective assistance of counsel claims regarding defendant's desire to testify before the grand jury are without merit (see People v Hogan, 26 NY3d 779 [2016]; People v Simmons, 10 NY3d 946, 949 [2008]).

We perceive no basis for reducing the sentence.

We have considered and rejected defendant's pro se claims. Concur—Friedman, J.P., Renwick, Moskowitz, Richter and Kapnick, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH ISAAC, Appellant. [30 NYS3d 865]—Judgments, Supreme Court, New York County (James D. Gibbons and Richard M. Weinberg, JJ., at pleas; Richard M. Weinberg, J., at sentencing), rendered October 31, 2013, convicting defendant of criminal sale of a controlled substance in the third degree and bail jumping in the first degree and sentencing him to concurrent terms of one year, unanimously affirmed.

We do not find any compelling circumstances that would warrant dismissal of the accusatory instruments in the interest of justice. The court ultimately imposed sentences that were fair under all the circumstances. Concur—Friedman, J.P., Renwick, Moskowitz, Richter and Kapnick, JJ.