■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY MOORE, Appellant. [34 NYS3d 147]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gary, J.), rendered November 10, 2014, convicting him of rape in the first degree and criminal sexual act in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, he knowingly, voluntarily, and intelligently waived his right to appeal (*see People v Bethea*, 133 AD3d 1033 [2015]). The Supreme Court adequately explained, and the defendant acknowledged that he understood, the separate and distinct nature of the waiver of the right to appeal, and the defendant signed a written waiver which he discussed with counsel and which adequately supplemented the oral colloquy (*see People v Elliot*, 137 AD3d 715, 716 [2016]; *People v Rivera*, 126 AD3d 727, 728 [2015]).

The defendant's valid waiver of his right to appeal precludes appellate review of his contention that the sentence imposed was excessive and of his challenge to the hearing court's suppression determination (*see People v Magnotta*, 137 AD3d 1303 [2016]; *People v Walsh*, 136 AD3d 629 [2016]; *People v Carney*, 129 AD3d 1511 [2015]; *People v Williams*, 122 AD3d 781 [2014]; *People v Sanchez*, 122 AD3d 778, 778-779 [2014]). The defendant's valid waiver of his right to appeal also precludes review of his claim that he was deprived of the effective assistance of counsel during the suppression hearing, except to the extent

that the alleged ineffective assistance may have affected the voluntariness of his plea (*see People v Jessamy*, 137 AD3d 1056 [2016]; *People v Ramos*, 77 AD3d 773 [2010]). To the extent that the defendant's ineffective assistance of counsel claim survives his valid waiver of the right to appeal, the claim is without merit (*see People Morrow*, 48 AD3d 704, 705 [2008]). Rivera, J.P., Roman, Maltese and Duffy, JJ., concur.