THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE O. GULDI, Appellant. [59 NYS3d 385]—

Appeals by the defendant from (1) a judgment of the County Court, Suffolk County (J. Doyle, J.), rendered March 21, 2011, convicting him of grand larceny in the second degree and insurance fraud in the third degree, upon a jury verdict, and imposing sentence, and (2) a judgment of the same court, rendered August 31, 2011, convicting him of grand larceny in the first degree (23 counts), grand larceny in the second degree (11 counts), and scheme to defraud in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment rendered March 21, 2011, is reversed, on the law, and the matter is remitted to the County Court, Suffolk County, for a new trial; and it is further,

Ordered that the judgment rendered August 31, 2011, is affirmed.

In a judgment rendered March 21, 2011, after a jury trial, the defendant was convicted of grand larceny in the second degree and insurance fraud in the third degree in connection with his wrongful taking of insurance proceeds after his house was damaged by fire and certain statements that he provided to the insurer, American International Insurance Company (hereinafter AIG). In a separate proceeding, related to a fraudulent mortgage scheme, the defendant pleaded guilty to grand larceny in the first degree (23 counts), grand larceny in the second degree (11 counts), and scheme to defraud in the first degree, which resulted in a judgment rendered August 31, 2011. The defendant appeals from both judgments.

With regard to the judgment rendered March 21, 2011, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of grand larceny in the second degree beyond a reasonable doubt (*see* Penal Law §§ 155.00 [5]; 155.05, 155.40 [1]; *cf. People v Bombard*, 270 AD2d 648, 648-649 [2000]). The defendant's contention that the evidence was legally insufficient to support his conviction of insurance fraud in the third degree is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]) and, in any event, without merit. Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d at 621), we find that it was legally sufficient to establish the defendant's guilt of that crime beyond a reasonable doubt. Moreover, in fulfilling our responsi-

bility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt on the count of insurance fraud in the third degree was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

Where a "defendant's guilt was proven beyond a reasonable doubt at trial, there can be no appellate review of the issue of whether a prima facie case was presented to the grand jury" (*People v Folkes*, 43 AD3d 956, 957 [2007]; *see* CPL 210.30 [6]; *People v Quinn*, 131 AD3d 710, 711 [2015]; *People v Capehart*, 61 AD3d 885, 886 [2009]).

However, a new trial is required because the County Court erred in denying the defendant's for-cause challenge to prospective juror No. 16, who was an employee of AIG.

A prospective juror may be challenged for cause on several grounds, including that the prospective juror bears a relationship to the person allegedly injured by the crime charged that is "of such [a] nature" as to preclude him or her from rendering an impartial verdict (CPL 270.20 [1] [c]). Such a relationship is referred to as an "implied bias," and requires "automatic exclusion from jury service regardless of whether the prospective juror declares that the relationship will not affect [his or] her ability to be fair and impartial" (*People v Furey*, 18 NY3d 284, 287 [2011]; *see People v Branch*, 46 NY2d 645, 650 [1979]). "The risk of prejudice arising out of the close relationship is so great that recital of an oath of impartiality could not convincingly dispel the taint and creates the perception that the accused might not receive a fair trial before an impartial finder of fact. For this reason, [the Court of Appeals advises] trial courts to exercise caution in these situations by leaning toward disqualifying a prospective juror of dubious impartiality" (*People v Furey*, 18 NY3d at 287 [brackets, ellipses, internal quotation marks and citation omitted]). Not all relationships between a prospective juror and a complainant or other interested party require disqualification for cause as a matter of law, and thus, the frequency of contact and nature of the relationship must be considered (*see People v Furey*, 18 NY3d at 287).

Here, during the first round of jury selection, prospective juror No. 16 indicated that she worked for AIG. Upon inquiry

by the defendant, the prospective juror explained that her job involved analyzing the financial policies for three divisions at AIG: "[a]sset management, financial services, and domestic life." We note that, in response to the defendant's questions, the prospective juror did not provide a completely unequivocal assurance that she could be fair and impartial. She thought that she could be fair and impartial, but conceded that there "may be" a conflict of interest from the defendant's perspective, and that it might be better if she were on a different case so as to enable the defendant to feel "comfortable" that he "wouldn't be prejudiced in any way." Thereafter, the County Court denied the defendant's for-cause challenge without asking the prospective juror any questions about her employment at AIG or how it might affect her ability to serve as a juror, notwithstanding that the court had an obligation to try and determine "[a]ll issues of fact or law arising on the challenge" (CPL 270.20 [2]).

Contrary to the County Court's determination, the prospective juror's professional relationship with AIG, her employer, rendered her unsuitable for jury service and necessitated her removal for cause (see CPL 270.20 [1] [c]; People v Furey, 18 NY3d 284 [2011]; People v Branch, 46 NY2d 645 [1979]; cf. People v Hamilton, 127 AD3d 1243, 1246 [2015]). We note that AIG drafted and funded the insurance check underlying several counts of the indictment, and AIG was the named complainant in the count alleging insurance fraud in the third degree. Under all the circumstances, there was a considerable risk that the prospective juror could unwittingly give undue credence to witnesses from AIG and her service would give rise to the perception that the defendant did not receive a fair trial (see People v Furey, 18 NY3d at 288; cf. People v Greenfield, 112 AD3d 1226, 1228 [2013]).

As the defendant peremptorily challenged prospective juror No. 16 and his peremptory challenges were exhausted before the selection of the jury was complete, the County Court committed reversible error when it denied the defendant's challenge for cause to the prospective juror (see CPL 270.20 [2]; People v Cahill, 2 NY3d 14, 49-50 [2003]; People v Lynch, 95 NY2d 243, 248 [2000]; cf. People v Libardi, 12 AD3d 534, 534 [2004]).

The defendant's contention that Suffolk County lacked jurisdiction with respect to the count of grand larceny in the second degree and his contention that AIG improperly acted as an agent of the District Attorney of Suffolk County are without merit.

In light of our determination, we need not reach the defend-

ant's remaining contentions with regard to the judgment rendered March 21, 2011.

With regard to the judgment rendered August 31, 2011, the record sufficiently demonstrates that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (*see People v Sanders*, 25 NY3d 337 [2015]). Moreover, contrary to the defendant's contention, his plea of guilty was not induced by the County Court's explicit promise that he would receive a lesser sentence to run concurrently with the sentence previously imposed with respect to the judgment rendered March 21, 2011, as the court clearly informed him that the plea would stand regardless of whether the previously imposed sentence was vacated. Accordingly, the defendant is not entitled to vacatur of his plea (*see People v Kalinowski*, 84 AD3d 1739, 1741 [2011]; *see generally People v Rowland*, 8 NY3d 342, 345 [2007]).

The defendant's claim that the indictment was improperly severed is nonjurisdictional and did not survive his plea of guilty or appeal waiver (*see People v Guerrero*, 28 NY3d 110, 117 [2016]; *see also People v Palladino*, 140 AD3d 1194, 1195 [2016]).

Moreover, the defendant's claim that the County Court improperly denied his application for an order appointing a special prosecutor was forfeited by his plea and waiver of the right to appeal (*see People v Callahan*, 80 NY2d 273, 280 [1992]; *People v Reiblein*, 200 AD2d 281 [1994]).

The defendant's waiver of the right to appeal did not impair his ability to obtain appellate review of his constitutional speedy trial claim (*see People v Callahan*, 80 NY2d at 282). However, the defendant was not denied his constitutional right to a speedy trial (*see People v Taranovich*, 37 NY2d 442, 445 [1975]). Chambers, J.P., Miller, Maltese and Duffy, JJ., concur.