— Appeal by the defendant from a judgment of the County Court, Westchester County (Minihan, J.), rendered October 19, 2015, convicting him of criminal possession of a controlled substance in the fifth degree, upon his plea of guilty, and imposing sentence.
 

 Ordered that the judgment is affirmed.
 

 The defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Sanders, 25 NY3d 337, 341-342 [2015]; People v Lopez, 6 NY3d 248, 256-257 [2006]; People v Thompson, 150 AD3d 1156, 1156-1157 [2017]).
 

 Although a claim that a plea of guilty was not voluntary survives a valid waiver of the right to appeal (see People v Lujan, 114 AD3d 963, 964 [2014]), the defendant failed to preserve for appellate review his contention that his plea of guilty was not knowing, voluntary, or intelligent, since he did not move to withdraw his plea on this ground prior to the imposition of sentence (see CPL 220.60 [3]; People v Lujan, 114 AD3d at 964). In any event, this contention is without merit.
 

 The defendant’s valid waiver of his right to appeal precludes appellate review of his claim that he was denied the effective assistance of counsel, except to the extent that the alleged ineffective assistance may have affected the voluntariness of his plea (see People v Robinson, 144 AD3d 1055, 1056 [2016]; People v Belle, 74 AD3d 1477, 1480 [2010]). To the extent that the defendant argues that the alleged ineffective assistance may have affected the voluntariness of his plea, his contention is without merit.
 

 The defendant’s challenge to the search warrant that led to his arrest is precluded by his valid appeal waiver (see People v Russell, 128 AD3d 1383, 1384 [2015]; People v Leigh, 71 AD3d 1288, 1288 [2010]), and, under the circumstances present here, forfeited by his plea of guilty (see generally People v Fernandez, 67 NY2d 686, 688 [1986]; People v Guldi, 152 AD3d 540 [2017]; People v Marinelli, 148 AD2d 550 [1989]).
 

 Mastro, J.P., Sgroi, Cohen and Maltese, JJ., concur.