People v Ackridge (2018 NY Slip Op 07319)





People v Ackridge


2018 NY Slip Op 07319


Decided on October 31, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 31, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
JEFFREY A. COHEN
COLLEEN D. DUFFY, JJ.


2016-12005
 (Ind. No. 16-00143)

[*1]The People of the State of New York, respondent,
v
Ronald Ackridge, also known as William Starke, appellant. Marianne Karas, Thornwood, NY, for appellant.


Anthony A. Scarpino, Jr., District Attorney, White Plains, NY (John J. Carmody and Steven A. Bender of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Westchester County (Helen Blackwood, J.), rendered October 18, 2016, convicting him of driving while intoxicated, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, he knowingly, voluntarily, and intelligently waived his right to appeal (see People v Moore, 140 AD3d 1091; People v Bethea, 133 AD3d 1033). The County Court adequately explained, and the defendant acknowledged that he understood, the separate and distinct nature of the waiver of the right to appeal, and the defendant signed a written waiver, which he discussed with standby counsel and which adequately supplemented the oral colloquy (see People v Moore, 140 AD3d at 1091; People v Elliot, 137 AD3d 715, 716; People v Rivera, 126 AD3d 727, 728).
The defendant's valid waiver of his right to appeal precludes appellate review of his contentions that he was deprived of the effective assistance of counsel and denied his right to proceed pro se at his arraignment, as neither of these contentions implicates the voluntariness of his plea (see People v Atkins, 157 AD3d 899; People v Amay, 156 AD3d 895; see also People v Gordon, 89 AD3d 1466; People v Pump, 67 AD3d 1041).
CHAMBERS, J.P., AUSTIN, COHEN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court