People v Kovalsky (2018 NY Slip Op 08033)





People v Kovalsky


2018 NY Slip Op 08033


Decided on November 21, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
CHERYL E. CHAMBERS
SANDRA L. SGROI
FRANCESCA E. CONNOLLY, JJ.


2013-05077
 (Ind. No. 98/12)

[*1]The People of the State of New York, respondent,
v
Andrew Kovalsky, appellant.


Yasmin Daley Duncan, Brooklyn, NY, for appellant and appellant pro se.
William V. Grady, District Attorney, Poughkeepsie, NY (Kirsten A. Rappleyea of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Stephen L. Greller, J.), rendered April 29, 2013, convicting him of assault in the second degree (three counts), upon a plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The record demonstrates that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Lopez, 6 NY3d 248, 256). The defendant's valid waiver of his right to appeal precludes appellate review of his contention that his pre-plea request to substitute new counsel was improperly denied (see People v Coleman, 164 AD3d 518; People v Harris, 153 AD3d 552, 552-553; People v Weston, 145 AD3d 746, 747).
Although the defendant's contention regarding the voluntariness of his plea survives his valid waiver of the right to appeal (see People v Seaberg, 74 NY2d 1, 10; People v Lujan, 114 AD3d 963, 964), the defendant failed to preserve for appellate review his contention that his plea of guilty was not knowing, voluntary, or intelligent, since he did not move to withdraw his plea on this ground prior to the imposition of sentence (see People v McClenic, 155 AD3d 1064; People v Coachman, 154 AD3d 957). The narrow exception to the preservation rule is inapplicable in this case, as the defendant's recitation of the facts underlying his plea to the charged crime did not clearly cast significant doubt upon his guilt, negate an essential element of the crime, or otherwise call into question the voluntariness of his plea (see People v Lopez, 71 NY2d 662, 666; People v Fuentes, 124 AD3d 677, 678). In any event, the record reflects that the defendant's plea of guilty was knowing, voluntary, and intelligent (see People v Seeber, 4 NY3d 780, 780-781; People v Fiumefreddo, 82 NY2d 536, 543).
The defendant's valid waiver of his right to appeal precludes appellate review of his contention, raised in his pro se supplemental brief, that he was deprived of the effective assistance of counsel, except to the extent that the alleged ineffective assistance affected the voluntariness of his plea (see People v Rodriguez, 144 AD3d 950, 950; People v Moore, 140 AD3d 1091; People v Upson, 134 AD3d 1058). To the extent that the defendant's ineffective assistance of counsel claim survives his valid waiver of the right to appeal, his contention is without merit (see People v [*2]Rodriguez, 144 AD3d at 950; People v Moore, 140 AD3d at 1092).
The defendant's valid waiver of his right to appeal precludes appellate review of his contentions that certain counts in the indictment were multiplicitous (see People v Slingerland, 101 AD3d 1265), and that the sentence imposed was excessive (see People v Jiminez, 164 AD3d 914).
The defendant's remaining contentions raised in his pro se supplemental brief are without merit.
LEVENTHAL, J.P., CHAMBERS, SGROI and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court