People v King (2019 NY Slip Op 01428)





People v King


2019 NY Slip Op 01428


Decided on February 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
FRANCESCA E. CONNOLLY, JJ.


2016-13481
 (Ind. No. 15-503)

[*1]The People of the State of New York, respondent, 
v
James King, also known as Christian James King, also known as Chris King, also known as Dolo, appellant.


Del Atwell, East Hampton, NY, for appellant.
Kevin P. Gilleece, Acting District Attorney, New City, NY (Amanda M. Doty of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Rockland County (William A. Kelly, J.), rendered November 30, 2016, as amended December 7, 2016, convicting him of burglary in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment, as amended, is affirmed.
Under the circumstances of this case, the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Sanders, 25 NY3d 337, 340-342; People v Ramos, 7 NY3d 737, 738; People v Lopez, 6 NY3d 248, 256-257). The defendant's valid waiver of the right to appeal precludes appellate review of his challenge to the hearing court's suppression determination (see People v Kemp, 94 NY2d 831, 833; People v Jessamy, 137 AD3d 1056, 1056; People v Hackett, 93 AD3d 807).
The defendant's valid waiver of the right to appeal also precludes appellate review of his contention that he was deprived of his right to be present at or to participate in the Sandoval (see People v Sandoval, 34 NY2d 371) hearing (see People v Jessamy, 137 AD3d at 1056). Moreover, the defendant forfeited that claim by pleading guilty (see People v Jessamy, 137 AD3d at 1056; People v Griffin, 118 AD3d 721).
The defendant's contention that his plea of guilty was not voluntary survives his valid waiver of the right to appeal (see People v Coachman, 154 AD3d 957; People v Lujan, 114 AD3d 963, 964). However, the defendant failed to preserve this contention for appellate review, since he did not move to vacate his plea or otherwise raise this issue before the Supreme Court (see People v Coachman, 154 AD3d at 957; People v Hutter, 154 AD3d 776). In any event, the record reflects that the defendant's plea of guilty was knowingly, voluntarily, and intelligently entered (see People v Seeber, 4 NY3d 780, 781; People v Fiumefreddo, 82 NY2d 536, 543).
By pleading guilty, the defendant forfeited appellate review of his claim of ineffective [*2]assistance of counsel to the extent that the claim does not directly involve the plea negotiation (see People v Petgen, 55 NY2d 529, 534-535; People v Saliani, 163 AD3d 854; People v Boria, 157 AD3d 811, 812). To the extent that the defendant contends that ineffective assistance of counsel affected the voluntariness of his plea, the record demonstrates that the defendant was afforded meaningful representation (see People v Benevento, 91 NY2d 708, 712).
The defendant's remaining contention is without merit.
BALKIN, J.P., AUSTIN, ROMAN and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court