People v Okay (2019 NY Slip Op 03817)





People v Okay


2019 NY Slip Op 03817


Decided on May 15, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
VALERIE BRATHWAITE NELSON, JJ.


2018-01840

[*1]The People of the State of New York, respondent,
v
Berit O. Okay, appellant. (S.C.I. No. 205/17)


Del Atwell, East Hampton, NY, for appellant.
Robert Tendy, District Attorney, Carmel, NY (David M. Bishop of counsel; Samantha Sayegh on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Putnam County (James F. Reitz, J.), rendered March 28, 2017, convicting her of burglary in the third degree, upon her plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant waived her right to be prosecuted by indictment by a grand jury. Immediately afterward, she pleaded guilty to burglary in the third degree as charged in a superior court information and waived her right to appeal. Thereafter, she was sentenced, as a second felony offender, to a negotiated term of incarceration.
Contrary to the defendant's contention, the record demonstrates that she knowingly, voluntarily, and intelligently waived her right to appeal (see People v Sanders, 25 NY3d 337, 342; People v Ramos, 7 NY3d 737, 738; People v Batista, 167 AD3d 69).
The defendant's contention that her plea was not knowing, voluntary, and intelligent survives her appeal waiver (see People v Bennett, 122 AD3d 871, 872; People v Lujan, 114 AD3d 963, 964). However, the defendant failed to preserve for appellate review her contention that her plea of guilty was not knowing, voluntary, and intelligent, since she did not move to withdraw her plea or otherwise raise the issue before the County Court (see People v Lopez, 71 NY2d 662, 665; People v Melvin, 165 AD3d 1291, 1291; People v Lujan, 114 AD3d at 964). In any event, the defendant's challenge is without merit since the record clearly establishes that her plea of guilty was knowingly, voluntarily, and intelligently entered after she was fully advised of the rights that she was forfeiting by pleading guilty (see People v Sougou, 26 NY3d 1052, 1055; People v Melvin, 165 AD3d at 1291; People v Molina, 146 AD3d 815, 816).
The defendant's contention that she did not validly waive her right to be prosecuted by indictment also is not precluded by her valid waiver of the right to appeal or by her plea of guilty (see People v Cardona-Velasquez, 152 AD3d 618; People v Sze, 113 AD3d 795, 795; People v Libby, 246 AD2d 669, 670). Nevertheless, her contention that she did not validly waive her right to be prosecuted by indictment is belied by the record (see NY Const, art I, § 6; CPL 195.10, 195.20; [*2]People v Myers, 32 NY3d 18, 21-22; People v Hickson, 165 AD3d 1166, 1167; People v Hill, 269 AD2d 404, 405).
The defendant's valid waiver of her right to appeal precludes appellate review of her claim of ineffective assistance of counsel, except to the extent that the alleged ineffective assistance affected the voluntariness of her plea (see People v Sze, 113 AD3d at 796; People v Dunne, 106 AD3d 928, 928-929; People v Bajramaj, 54 AD3d 769, 769). The defendant's contention that her counsel's conduct affected the voluntariness of her plea is without merit, as her attorney provided her with meaningful representation during the plea proceedings (see People v Caban, 5 NY3d 143, 152; People v Benevento, 91 NY2d 708, 712; People v Baldi, 54 NY2d 137,147).
MASTRO, J.P., AUSTIN, ROMAN and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court