People v Hendrix (2019 NY Slip Op 03984)





People v Hendrix


2019 NY Slip Op 03984


Decided on May 22, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
HECTOR D. LASALLE
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2018-01296
 (Ind. No. 10030/17)

[*1]The People of the State of New York, respondent,
v
Andre Lamont Hendrix, also known as "Daddy Roe," appellant.


Del Atwell, East Hampton, NY, for appellant.
William V. Grady, District Attorney, Poughkeepsie, NY (Kirsten A. Rappleyea of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Edward T. McLoughlin, J.), rendered November 29, 2017, convicting him of criminal possession of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The record demonstrates that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Sanders, 25 NY3d 337, 339-342; People v Lopez, 6 NY3d 248, 256-257; cf. People v Brown, 122 AD3d 133, 145-146).
Although the defendant's contention regarding the voluntariness of his plea survives his valid waiver of the right to appeal (see People v Seaberg, 74 NY2d 1, 10; People v Lujan, 114 AD3d 963, 964), the defendant failed to preserve this contention for appellate review (see People v McClenic, 155 AD3d 1064; People v Coachman, 154 AD3d 957; People v Martin, 27 AD3d 579). In any event, the contention is without merit, as the record reflects that the defendant's plea of guilty was knowing, voluntary, and intelligent (see People v Seeber, 4 NY3d 780, 780-781; People v Fiumefreddo, 82 NY2d 536, 543; People v Miranda, 67 AD3d 709, 710).
The defendant's contention that his factual allocution was insufficient because he did not admit the "possession" element of criminal possession of a controlled substance in the third degree is unpreserved for appellate review (see People v Purnell, 166 AD3d 814, 816; People v Martin, 27 AD3d 579; People v Pryor, 11 AD3d 565). In any event, this contention is without merit, as the defendant's allocution was sufficient (see Penal Law §§ 10.00[8], 220.16[1]; People v Johnson, 165 AD3d 701, 701-702; People v Dorrah, 50 AD3d 1619, 1619; People v Webb, 286 AD2d 899; People v King, 114 AD2d 424).
The defendant's valid waiver of his right to appeal precludes appellate review of his contention that he was deprived of the effective assistance of counsel, except to the extent that the alleged ineffective assistance affected the voluntariness of his plea (see People v Rodriguez, 144 AD3d 950, 950; People v Moore, 140 AD3d 1091; People v Upson, 134 AD3d 1058). To the extent [*2]that the defendant's ineffective assistance of counsel claim survives his valid waiver of the right to appeal, his contention is without merit (see People v Rodriguez, 144 AD3d at 950; People v Moore, 140 AD3d at 1092; People v Mack, 90 AD3d 1317, 1322).
MASTRO, J.P., LASALLE, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court