People v Rodriguez (2019 NY Slip Op 07692)





People v Rodriguez


2019 NY Slip Op 07692


Decided on October 24, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 24, 2019

Friedman, J.P., Kapnick, Oing, Singh, JJ.


10184 2487/16

[*1] The People of the State of New York, Respondent,
v
Andres Rodriguez, Defendant-Appellant.


Marianne Karas, Thornwood, for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Jennifer Westphal of counsel), for respondent.



Judgment, Supreme Court, New York County (James M. Burke, J.), rendered March 15, 2017, convicting defendant, upon his plea of guilty, of criminal sexual act in the first degree and forcible touching, and sentencing him to an aggregate term of 12 years, unanimously affirmed.
Even if some of the court's remarks to defendant about the consequences of proceeding to trial should have been avoided, "the record as a whole, including the fact that defendant had already received an extensive opportunity to consider the plea offer and confer with counsel, establishes the voluntariness of the plea" (People v Wilson, 172 AD3d 413, 414 [1st Dept 2019]; see also People v Garcia, 92 NY2d 869, 870 [1998]; People v Elliot, 137 AD3d 715 [1st Dept 2016], lv denied 27 NY3d 1131 [2016]).
Based on the all circumstances, the court providently exercised its discretion in summarily denying defendant's motion to withdraw his guilty plea (see generally People v Manor, 27 NY3d 1012, 1013 [2016]). To the extent defendant was claiming innocence, the court viewed the videotape of the incident establishing defendant's guilt, negating any possible defense of intoxication or consent. Defendant did not advance any other valid basis for withdrawing his plea.
Defendant claims that he received ineffective assistance at the sentencing proceeding because counsel did not argue in support of defendant's pro se plea withdrawal motion. This claim is unreviewable on direct appeal because it involves matters not reflected in, or fully explained by, the record, including an off-the-record discussion between counsel and defendant during sentencing in connection with the motion (see People v Rivera, 71 NY2d 705, 709 [1988]). Accordingly, because defendant has not
made a CPL 440.10 motion, the merits of the claim may not be addressed on appeal.
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 24, 2019
CLERK