People v Cardona (2019 NY Slip Op 07921)





People v Cardona


2019 NY Slip Op 07921


Decided on November 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
HECTOR D. LASALLE, JJ.


2017-12711

[*1]The People of the State of New York, respondent,
v
Blake C. Cardona, appellant. (S.C.I. No. 236/13)


Salvatore C. Adamo, New York, NY, for appellant.
Robert V. Tendy, District Attorney, Carmel, NY (David M. Bishop of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Putnam County (James F. Reitz, J.), rendered November 2, 2017, convicting him of driving while intoxicated, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, he knowingly, voluntarily, and intelligently waived his right to appeal (see People v Rivera, 126 AD3d 727; People v Sanders, 112 AD3d 748, affd 25 NY3d 337). The County Court adequately explained, and the defendant acknowledged that he understood, the separate and distinct nature of the waiver of the right to appeal, and the defendant signed a written waiver which he discussed with counsel and which adequately supplemented the oral colloquy (see People v Bradshaw, 18 NY3d 257, 267).
While the defendant's contention that his plea of guilty was not knowing, voluntary, and intelligent survives his valid waiver of the right to appeal, this contention is unpreserved for appellate review because he failed to move to withdraw the plea prior to sentencing (see People v Strongminton, 169 AD3d 723). In any event, the plea was knowingly, voluntarily, and intelligently entered (see People v Fiumefreddo, 82 NY2d 536, 543; People v Strongminton, 169 AD3d at 723).
The defendant's valid waiver of his right to appeal precludes appellate review of his contentions that he received ineffective assistance of counsel and that the sentence imposed was excessive (see People v Lopez, 6 NY3d 248, 256; People v Soria, 99 AD3d 1027). To the extent that a portion of the defendant's ineffective assistance of counsel claim survives his valid waiver of the right to appeal, the contention is without merit (see People v Moore, 140 AD3d 1091).
BALKIN, J.P., CHAMBERS, AUSTIN and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court