People v Morrow (2021 NY Slip Op 05724)





People v Morrow


2021 NY Slip Op 05724


Decided on October 20, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 20, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
PAUL WOOTEN
DEBORAH A. DOWLING, JJ.


2019-08615
 (Ind. No. 10048/18)

[*1]The People of the State of New York, respondent,
v
Meredithe Morrow, appellant.


Del Atwell, East Hampton, NY, for appellant.
William V. Grady, District Attorney, Poughkeepsie, NY (Kirsten A. Rappleyea of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Edward T. McLoughlin, J.), rendered January 11, 2019, convicting her of criminal possession of a controlled substance in the third degree, upon her plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The record demonstrates that the defendant knowingly, voluntarily, and intelligently waived her right to appeal (see People v Sanders, 25 NY3d 337, 340-342; People v Lopez, 6 NY3d 248, 256-257; People v Puccio, 191 AD3d 1022, 1022).
Although the defendant's contention regarding the voluntariness of her plea survives her valid waiver of the right to appeal (see People v Seaberg, 74 NY2d 1, 10; People v Lujan, 114 AD3d 963, 964), the defendant failed to preserve this contention for appellate review (see People v McClenic, 155 AD3d 1064; People v Coachman, 154 AD3d 957). In any event, the contention is without merit, as the record reflects that the defendant's plea of guilty was knowing, voluntary, and intelligent (see People v Seeber, 4 NY3d 780, 780-781; People v Fiumefreddo, 82 NY2d 536, 543; People v Hendrix, 172 AD3d 1224, 1224).
The defendant's valid waiver of her right to appeal precludes appellate review of her contention that the sentence imposed was excessive (see People v Lopez, 6 NY3d at 255).
DILLON, J.P., CHRISTOPHER, WOOTEN and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court