People v Romano (2021 NY Slip Op 51154(U))

[*1]

People v Romano (Robert)

2021 NY Slip Op 51154(U) [73 Misc 3d 137(A)]

Decided on November 18, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on November 18, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : HELEN VOUTSINAS, J.P., ELIZABETH H. EMERSON, TIMOTHY S.
DRISCOLL, JJ

2016-2311 N CR

The People of the State of New York,
Respondent,
against
Robert Romano, Appellant. 

Thomas R. Villecco, for appellant.
Nassau County District Attorney (Cristin N. Connell and Michael K. Degree of counsel), for
respondent.

Appeal from three judgments of the District Court of Nassau County, First District (Andrew
M. Engel, J.), rendered September 13, 2016. The judgments convicted defendant, upon jury
verdicts, of driving while intoxicated (common law), speeding and failing to signal a turn,
respectively, and imposed sentences.

ORDERED that so much of the appeal as is from the judgments convicting defendant of
speeding and failing to signal a turn, respectively, is dismissed as abandoned; and it is
further,
ORDERED that the judgment convicting defendant of common-law driving while
intoxicated is affirmed.
Defendant was charged in three simplified traffic informations with, respectively, driving
while intoxicated (common law) (Vehicle and Traffic Law § 1192 [3]), speeding (Vehicle
and Traffic Law § 1180 [b]) and failing to signal a turn (Vehicle and Traffic Law §
1163 [a]). Following a pretrial hearing, the District Court (Andrew M. Engel, J.) suppressed
certain noticed statements attributed to defendant.
A jury trial was conducted during which two New York State Troopers testified for the
prosecution that, while on patrol, they observed and followed a vehicle defendant was driving
going 80 miles per hour (mph) in a 55 mph zone, as well as switching lanes multiple times
without signaling. The troopers testified that, after effecting a traffic stop and approaching
defendant's vehicle, they smelled the strong odor of alcohol on defendant's breath. Defendant had
difficulty keeping his balance when he exited his vehicle, and he failed each of three standardized
field sobriety tests (SFSTs). Following his arrest on suspicion of driving while intoxicated,
defendant twice refused to submit a breath sample for chemical testing after receiving refusal
warnings from one of the troopers.
During cross-examination of one of the troopers, defense counsel moved into evidence a
document that contained the suppressed noticed statements attributed to defendant, in which he
told the troopers that he was driving home from an engagement party where he had drank one
glass of wine during a toast. Before the jury could be informed of the suppressed evidence
contained in the document, defense counsel brought the mistake to the court's attention and
requested redaction of the statements. The court ruled, in effect, that counsel had opened the door
for use of the suppressed evidence by the prosecution, and the prosecution did elicit this
information from one of the troopers during redirect examination. Following the troopers'
testimony, both parties rested, and, after deliberating, the jury convicted defendant of all three
charges. Sentences were subsequently imposed. 
Although defendant appealed from each judgment of conviction, his brief on appeal raises
issues only with respect to the judgment convicting him of common-law driving while
intoxicated. Consequently, so much of the appeal as is from the judgments convicting defendant
of speeding and failing to signal a turn is dismissed as abandoned (see People v Fasano, 66 Misc 3d
149[A], 2020 NY Slip Op 50271[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists
2020]). 
Defendant appeals the judgment convicting him of common-law driving while intoxicated on
two grounds. First, he asserts that the District Court violated his right to a fair trial by denying
counsel's timely request to redact the suppressed statements from the defense exhibit. Assuming
without deciding the correctness of this claim, we apply constitutional harmless error analysis. A
"constitutional error may be harmless where evidence of guilt is overwhelming and there is no
reasonable possibility that it affected the outcome of the trial" (People v Best, 19 NY3d 739, 744
[2012]). Here, the evidence of intoxicated driving was overwhelming without reliance upon the
suppressed statements. As the troopers smelled alcohol on defendant's breath, defendant
performed poorly on the SFSTs and defendant refused to submit to chemical testing of his breath
(see People v Smith, 18 NY3d
544, 550 [2012] ["evidence that a defendant declined to take a chemical test is admissible . .
. . to permit the inference of consciousness of guilt"]), his admission to having drank one glass of
wine was, at worst for the defense, confirmatory evidence. Thus, there is no reasonable
probability that admission of the suppressed, noticed statements attributed to defendant affected
the trial outcome. 
Alternatively, defendant argues that, due to the error, defense counsel was ineffective. [*2]Assuming without deciding that defense counsel's error violated the
"performance" prong of the federal test for ineffectiveness of counsel (see Strickland v
Washington, 466 US 668, 687 [1984]), in light of the overwhelming evidence of his guilt,
defendant was not "prejudice[d by the error, which] is a necessary factor under the federal
standard" (People v Canales, 110
AD3d 731, 734 [2013]; see Strickland, 466 US at 694). 
Under the "somewhat more favorable" state standard for ineffectiveness of counsel at trial
(People v Turner, 5 NY3d 476,
480 [2005]; see People v Benevento, 91 NY2d 708, 714 [1998]), New York courts "look
to the fairness of the proceedings as a whole" (People v Lujan, 114 AD3d 963, 963 [2014]) in determining
whether a defendant has received meaningful representation (see People v Caban, 5 NY3d 143, 156 [2005]; People v Stultz, 2 NY3d 277, 284
[2004]; Benevento, 91 NY2d at 714; People v Flores, 84 NY2d 184, 187 [1994]).
Here, defendant received meaningful representation from counsel. Counsel was active throughout
the trial, using a well-crafted cross-examination to force the troopers to concede that neither had
memorialized all of their observations of defendant and demonstrate the SFST clues that
defendant did not exhibit. Counsel also attempted to cast reasonable doubt as to whether
defendant either was intoxicated or refused chemical testing of his breath, using documents
generated by the New York State Police showing a 0% blood alcohol content.
Accordingly, the judgment convicting defendant of common-law driving while intoxicated is
affirmed.
VOUTSINAS, J.P., EMERSON and DRISCOLL, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 18, 2021