People v Bristel (2022 NY Slip Op 06326)

People v Bristel

2022 NY Slip Op 06326

Decided on November 10, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 10, 2022

Before: Renwick, J.P., Oing, Singh, Kennedy, Mendez, JJ. 

Ind. No. 2798/16, 972/17 Appeal No. 16629-16629A Case No. 2018-2756 

[*1]The People of the State of New York, Respondent,
v
Ernest Bristel, Defendant-Appellant. 

Caprice R. Jenerson, Office of Appellate Defender, New York (Katrina Jean Myers of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Anna Notchick of counsel), for respondent.

Judgment, Supreme Court, New York County (Laura A. Ward, J.), rendered November 20, 2017, convicting defendant, after a jury trial, of promoting prison contraband in the first degree and criminal possession of a weapon in the third degree, and sentencing him, as a second felony offender, to an aggregate term of three to six years, and judgment, same court (Guy H. Mitchell, J.), rendered January 8, 2019, as amended February 7 and 21, 2019, convicting defendant, upon his plea of guilty, of attempted criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony drug offender, to a concurrent term of four years, unanimously affirmed.
The verdict convicting defendant of promoting prison contraband and criminal possession of a weapon was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations, including its resolution of inconsistencies in testimony. The evidence, including the testimony of the People's expert on prison security and contraband detection, provided a plausible explanation of how, despite security precautions, defendant was able to bring a weapon to a court appearance and then prevent it from being recovered.
Defendant's objections to the expert's testimony were insufficient to preserve his particular appellate claim that this testimony lacked a factual basis in the record (see People v Graves, 85 NY2d 1024, 1026-1027 [1995]), and we decline to review it in the interest of justice. As an alternative holding, we find that the court providently exercised its discretion in permitting the testimony. Contrary to defendant's claim, the expert's testimony was not speculative, and it was adequately supported by the trial evidence, along with reasonable inferences to be drawn therefrom (see People v Brown, 97 NY2d 500, 506-507 [2002]).
With regard to the conviction by guilty plea, defendant did not preserve his claim that his plea was involuntary because it was made under the threat of consecutive sentences since he never moved to withdraw his plea or to vacate his judgment of conviction (see People v Ali, 96 NY2d 840, 841 [2001]; see also People v Conceicao, 26 NY3d 375, 381 [2015]), and we decline to review it in the interest of justice. As an alternative holding, we find that the record as a whole establishes the voluntariness of the plea, notwithstanding the court's reference to the probability that a sentence on a
conviction after trial would be consecutive to defendant's existing sentence (see People v Elliot, 137 AD3d 715, 716 [1st Dept 2016], lv denied 27 NY3d 1131 [2016]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 10, 2022