OPINION OF THE COURT
Stein, J.
In this appeal, we are asked to consider whether a plea colloquy was adequate to effect a valid waiver of the right to appeal by a criminal defendant. The record here, including the plea colloquy and the other relevant facts, such as proof of de *339 fendant’s experience and background, is sufficient to uphold defendant’s waiver of his right to appeal as voluntary, knowing and intelligent.
L
In the course of a May 2009 gang assault of the 16-year-old victim, defendant stabbed the victim in the chest with a knife, killing him. Upon his arrest, defendant received his Miranda warnings and, after approximately two hours of questioning, admitted to the stabbing. He was charged in an indictment with murder in the second degree, gang assault in the first degree and criminal possession of a weapon in the third degree. After defendant’s motion to suppress his statements was denied in part, he pleaded guilty on the eve of trial to manslaughter in the first degree and gang assault in the first degree.
During the plea colloquy, County Court set forth the terms of the plea, and the prosecutor conducted the voir dire examination.[1] The prosecutor discussed the rights normally forfeited upon a plea of guilty, inquired as to whether defendant was pleading voluntarily because he was guilty, and reviewed potential collateral consequences of the plea with him. The prosecutor also advised defendant of the consequences he could face if he failed to voluntarily appear for sentencing or committed another crime prior thereto. Regarding the waiver of the right to appeal, the following exchange then took place between the prosecutor and defendant:
“Q. Do you understand that as a condition of this plea you are waiving the right to appeal your conviction and sentence to the Appellate Division Second Department?
“A. Yes.
“Q. Have you discussed this waiver of the right to appeal with your attorney?
“A. Yes.
*340 “Q. In consideration of this negotiated pleat,] do you now voluntarily waive your right to appeal your conviction and sentence under this indictment?
“A. Yes.”
Immediately thereafter, the prosecutor asked defense counsel whether he was “withdraw [ing] all motions made by you whether pending or decided?” Counsel responded, “Yes, withdrawn.” The prosecutor conducted the factual allocution and the court accepted the plea. Defendant was thereafter sentenced, as a predicate violent felony offender, to an aggregate term of 20 years in prison, to be followed by five years of postrelease supervision.
Defendant filed a pro se notice of appeal. The Appellate Division, Second Department affirmed, concluding that defendant’s valid waiver of the right to appeal barred his challenge to County Court’s suppression ruling (112 AD3d 748, 748-750 [2013]). A dissenting Justice of the Appellate Division granted defendant leave to appeal (22 NY3d 1160 [2014]), and we now affirm.
IL
In People v Seaberg, this Court recognized for the first time that a defendant may waive his or her statutory right to an initial appeal, provided that the waiver is “not only . . . voluntary but also knowing and intelligent” (74 NY2d 1, 11 [1989]). We explained that a trial court must review the waiver and “determine! ] [whether] it meets those requirements by considering all the relevant facts and circumstances surrounding the waiver, including the nature and terms of the agreement and the age, experience and background of the accused” (id.; see People v Calvi, 89 NY2d 868, 871 [1996]; People v Callahan, 80 NY2d 273, 280, 283 [1992]). The trial court must also ensure that defendant’s “full appreciation of the consequences” and understanding of the terms and conditions of the plea, including a waiver of the right to appeal, are apparent on the face of the record (Seaberg, 74 NY2d at 11; Callahan, 80 NY2d at 280). In that regard, we emphasized in Seaberg that the trial “court should have required [the defendant] to state his understanding and acceptance” of the details of the plea bargain on the record (74 NY2d at 11); nevertheless, we upheld the waiver in that case despite the fact that the defendant did not personally participate in the court’s colloquy with his *341 counsel, given the other relevant facts on the record that demonstrated the defendant’s understanding of the waiver (see id. at 11-12; see also People v Moissett, 76 NY2d 909, 911 [1990]).
Although we have since “underscore [d] the critical nature of a court’s colloquy with a defendant explaining the right relinquished by an appeal waiver” (People v Lopez, 6 NY3d 248, 253 [2006]), we have continued to require assessment of all of the relevant factors surrounding the waiver, including the experience and background of the accused (see People v Bradshaw, 18 NY3d 257, 264-265 [2011]). Moreover, we have never abandoned our oft-stated instruction that “a trial court need not engage in any particular litany when apprising a defendant pleading guilty of the individual rights abandoned” (Lopez, 6 NY3d at 256; see Bradshaw, 18 NY3d at 265; People v Kemp, 94 NY2d 831, 833 [1999]; Callahan, 80 NY2d at 283). Contrary to defendant’s argument, this Court has not — in People v Nicholson, a companion case decided with Lopez, or in any other case — set forth the absolute minimum that must be conveyed to a pleading defendant in the plea colloquy in order for the right to appeal to be validly waived. We have long rejected that approach on the ground that “a sound discretion exercised in cases on an individual basis is best rather than to mandate a uniform procedure which, like as not, would become a purely ritualistic device . . . [that] eliminate [s] thinking” (People v Nixon, 21 NY2d 338, 355 [1967]).
in.
With those principles in mind, we conclude that the record before us sufficiently demonstrates that defendant knowingly and intelligently waived his right to appeal. There is no meaningful distinction between the plea colloquy here and the colloquy upheld in Nicholson, in which defendant acknowledged his understanding that he was “giving up [his] right to appeal, that is, to take to a higher court than this one any of the legal issues connected with this case” (Nicholson, 6 NY3d at 254). As in Nicholson, the plea colloquy here was sufficient because the right to appeal was adequately described without lumping it into the panoply of rights normally forfeited upon a guilty plea. In fact, the People went even further in this case and obtained defendant’s confirmation that he had discussed the waiver of the right to appeal with his attorney and that he was waiving such right in consideration of his negotiated plea, as well as counsel’s confirmation that all motions pending or decided were *342 being withdrawn. Thus, while the better practice would have been to define the nature of the right to appeal more fully — as the court did in Nicholson — the Appellate Division correctly determined that no further elaboration was necessary on the phrase “right to appeal your conviction and sentence to the Appellate Division Second Department” in view of the whole colloquy, particularly given this defendant’s background, including his extensive experience with the criminal justice system and multiple prior guilty pleas that resulted in terms of imprisonment.[2]
Under these circumstances, defendant’s valid, general waiver of the right to appeal precludes his challenge to County Court’s adverse suppression ruling (see Kemp, 94 NY2d at 833). Accordingly, the order appealed from should be affirmed.

. The parties have not addressed — either in this Court or in the courts below — the fact that the prosecutor, as opposed to the trial court, conducted most of the plea allocution. Although the Appellate Division Departments are divided on the propriety of the delegation of this important function, it has been “long criticized” (People v Robbins, 33 AD3d 1127, 1129 [2006]) and we are troubled by it, as well. As we noted in People v Nixon (21 NY2d 338, 353 [1967], cert denied sub nom. Robinson v New York, 393 US 1067 [1969]), the conduct of the plea allocution is “best left to the discretion of the court.”

. While the factors raised by the dissent — whether a defendant has previously entered a guilty plea waiving rights to appeal, signed a written appeal waiver or taken a prior appeal — certainly would be relevant to determining defendant’s understanding of the terms of a waiver, this Court’s review of a defendant’s background, as it impacts upon the validity of an appeal waiver, has not been so confined (see People v Bradshaw, 18 NY3d 257, 265-266 [2011]; People v Seaberg, 74 NY2d 1, 11-12 [1989]). Here, as reflected in the transcript of the Sandoval hearing and the violent predicate felony conviction statement submitted to the court, defendant was 27 years old at the time of the plea and had a criminal history that stretched back 10 years. His prior convictions obtained upon guilty pleas include a 2003 violent felony in New York, as well as federal, New Jersey and Pennsylvania convictions. Defendant was also convicted of a federal felony while on parole and was on supervised release at the time of the stabbing in this case.