■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE DRINKWINE, Appellant. [37 NYS3d 711]—Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Queens County (Kron, J.), imposed August 8, 2013, upon his plea of guilty, on the ground that the sentence was excessive.

Ordered that the sentence is affirmed.

The defendant's waiver of his right to appeal was invalid (*see People v Bradshaw*, 18 NY3d 257 [2011]; *People v Brown*, 122 AD3d 133 [2014]). However, the sentence imposed was not excessive (*see People v Delgado*, 80 NY2d 780 [1992]; *People v Suitte*, 90 AD2d 80, 86-87 [1982]). Eng, P.J., Leventhal, Cohen, LaSalle and Barros, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAWN ENGLISH, Appellant. [37 NYS3d 712]—Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Queens County (Chin-Brandt, J., at plea; Zoll, J., at sentence), imposed October 6, 2015, upon his plea of guilty, on the ground that the sentence was excessive.

Ordered that the sentence is affirmed.

The record demonstrates that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (*see People v Sanders*, 25 NY3d 337, 339-342 [2015]; *People v Lopez*, 6 NY3d 248, 256-257 [2006]). The defendant's valid waiver of his right to appeal precludes review of his contention that the sentence imposed was excessive (*see People v Lopez*, 6 NY3d at 255-256). Eng, P.J., Balkin, Dickerson, Hinds-Radix and Barros, JJ., concur.