People v Venable (2018 NY Slip Op 03397)





People v Venable


2018 NY Slip Op 03397


Decided on May 10, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 10, 2018

108998

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
RAZON VENABLE, Appellant.

Calendar Date: April 3, 2018

Before: Garry, P.J., McCarthy, Egan Jr., Lynch and Devine, JJ.


G. Scott Walling, Slingerlands, for appellant.
Robert M. Carney, District Attorney, Schenectady (Tracey A. Brunecz of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Schenectady County (Sypniewski, J.), rendered October 12, 2016, convicting defendant upon his plea of guilty of the crime of robbery in the second degree.
Defendant waived indictment and accepted a plea offer pursuant to which he entered a guilty plea to robbery in the second degree as charged in a superior court information. Consistent with the agreement, which included a waiver of appeal and satisfied a pending drug-related charge, defendant was sentenced, as an admitted second felony offender, to a prison term of 6½ years to be followed by five years of postrelease supervision, and ordered to pay restitution. Defendant now appeals.
We affirm. Defendant's contention that the agreed-upon sentence is harsh and excessive is precluded by his knowing, voluntary and intelligent waiver of appeal (see People v Lopez, 6 NY3d 248, 256 [2006]). To that end, County Court made clear that an appeal waiver was a condition of the plea and explained the separate and distinct nature of the waiver, as well as the consequences thereof. Defendant then assured the court that he had an opportunity to review the detailed, written waiver of appeal with counsel and that he understood it and had no questions, and he confirmed that he had signed it. Under these circumstances, we find that defendant's combined oral and written waiver of appeal was valid and precludes this challenge (see People v Bryant, 28 NY3d 1094, 1096 [2016]; People v Sanders, 25 NY3d 337, [2015]; People v Savage, 158 AD3d 854, 855 [2018]; People v Webb, 157 AD3d 1132, 1132 [2018]).
Garry, P.J., McCarthy, Egan Jr., Lynch and Devine, JJ., concur.
ORDERED that the judgment is affirmed.