People v Nieves (2018 NY Slip Op 05535)





People v Nieves


2018 NY Slip Op 05535


Decided on July 26, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 26, 2018


[*1]THE PEOPLE OF THE STATE OF NEW YORK, 
v
WILFREDO NIEVES, Appellant.

Calendar Date: June 11, 2018

Before: Garry, P.J., Egan Jr., Lynch, Aarons and Rumsey, JJ.


G. Scott Walling, Slingerlands, for appellant.
Robert M. Carney, District Attorney, Schenectady (Tracey M. Brunecz of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Schenectady County (Sypniewski, J.), rendered May 13, 2016, convicting defendant upon his plea of guilty of the crime of attempted criminal possession of a weapon in the second degree.
Defendant was charged by indictment with criminal possession of a weapon in the second degree and criminal possession of a controlled substance in the third degree after a loaded gun and cocaine were discovered following the execution of a search warrant at an apartment where he was present. Defendant thereafter accepted a plea offer that included a waiver of appeal pursuant to which he pleaded guilty to the reduced crime of attempted criminal possession of a weapon in the second degree in satisfaction of the indictment. Defendant was sentenced, as promised, to a prison term of two years with three years of postrelease supervision and now appeals.
We affirm. Initially, we reject defendant's argument that his appeal waiver was invalid. County Court explained the right to appeal, made clear that a waiver of appeal was a condition of the plea agreement that was separate and distinct from the trial-related rights that were automatically forfeited by his guilty plea and noted the consequences of the waiver. Defendant signed a written waiver of appeal, which detailed the scope of the appellate rights that he was waiving, and confirmed, in response to questioning by County Court, that he had reviewed it with counsel and understood its contents. Accordingly, we find that defendant's combined oral and written waiver of appeal was valid (see People v Bryant, 28 NY3d 1094, 1095-1096 [2016]; People v Lopez, 6 NY3d 248, 255-256 [2006]). Defendant's contention that his sentence is harsh and excessive is barred by his valid appeal waiver (see People v Sanders, 25 NY3d 337, 339-341 [2015]; People v Lopez, 6 NY3d at 256; People v Savage, 158 AD3d 854, 855 [2018]; People v Webb, 157 AD3d 1132, 1132 [2018]).
Garry, P.J., Egan Jr., Lynch, Aarons and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed.