People v King (2018 NY Slip Op 05530)





People v King


2018 NY Slip Op 05530


Decided on July 26, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 26, 2018


[*1]THE PEOPLE OF THE STATE OF NEW YORK, 
v
CLARANCE A. KING, Also Known as CHARLES HALL, Also Known as AKBAR, Appellant.

Calendar Date: June 11, 2018

Before: McCarthy, J.P., Devine, Clark, Mulvey and Pritzker, JJ.


Stephen W. Herrick, Public Defender, Albany (Jessica M. Gorman of counsel), for appellant, and appellant pro se.
P. David Soares, District Attorney, Albany (Noel Mendez of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Albany County (Ceresia, J.), rendered February 5, 2016, convicting defendant upon his plea of guilty of the crime of attempted criminal sale of a controlled substance in the third degree.
In satisfaction of a two-count indictment, defendant pleaded guilty to attempted criminal sale of a controlled substance in the third degree and waived his right to appeal. He was sentenced as a second felony offender, in accordance with the terms of the plea agreement, to a prison term of 4½ years followed by three years of postrelease supervision. Defendant appeals.
We are unpersuaded by defendant's contention that his waiver of the right to appeal is invalid. County Court explained that the waiver of the right to appeal was separate and distinct from the rights forfeited by the guilty plea. Defendant acknowledged that he understood and that he was voluntarily relinquishing that right. In addition, the court provided defendant with a written waiver of the right to appeal, which the record reflects defendant reviewed with counsel and executed in open court. The oral colloquy, combined with the written waiver, demonstrate that defendant knowingly, voluntarily and intelligently waived his right to appeal (see People v Sanders, 25 NY3d 337, 339-341 [2015]; People v Edwards, 160 AD3d 1280, 1281 [2018]). As such, his challenge to the agreed-upon sentence as harsh and excessive is precluded (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Chaney, 160 AD3d 1281, 1283 [2018]). We have reviewed defendant's pro se contention that County Court was deprived of jurisdiction due to the alleged failure to comply with the provisions of CPL 210.10 and find it to be without merit.
McCarthy, J.P., Devine, Clark, Mulvey and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.