People v Steffens (2018 NY Slip Op 05702)





People v Steffens


2018 NY Slip Op 05702


Decided on August 8, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 8, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY, JJ.


2016-02085

[*1]The People of the State of New York, respondent,
v
Iveth Steffens, appellant. (S.C.I. No. 2896/15)


Paul Skip Laisure, New York, NY (Anders Nelson of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and William H. Branigan of counsel; Victoria Randall on the memorandum), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by her motion, from a sentence of the Supreme Court, Queens County (Dorothy Chin-Brandt, J.), imposed February 4, 2016, upon her plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
The defendant's purported waiver of her right to appeal was invalid (see People v Sanders, 25 NY3d 337; People v Brown, 122 AD3d 133). The Supreme Court's limited colloquy, which lumped together the waiver of the right to appeal with a separate waiver of indictment, did not ensure the defendant's understanding of the distinction between the right to appeal and the other rights that are automatically forfeited upon a plea of guilty (see People v Laboy, 153 AD3d 1363; see also People v Herring, 150 AD3d 1148, 1148; People v Contreras, 112 AD3d 649, 649). Thus, the purported waiver does not preclude review of the defendant's excessive sentence claim. However, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
BALKIN, J.P., CHAMBERS, ROMAN, MALTESE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court