People v Desrocher (2018 NY Slip Op 06157)





People v Desrocher


2018 NY Slip Op 06157


Decided on September 20, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 20, 2018

109145

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
CASEY DESROCHER, Appellant.

Calendar Date: August 6, 2018

Before: Garry, P.J., Clark, Mulvey, Aarons and Pritzker, JJ.


Adam H. Van Buskirk, Auburn, for appellant.
Andrew J. Wylie, District Attorney, Plattsburgh (Jeffrey C. Stitt of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Clinton County (Ryan, J.), rendered December 20, 2016, convicting defendant upon her plea of guilty of the crime of criminal sale of a controlled substance in the third degree (two counts).
In satisfaction of a four-count indictment, defendant pleaded guilty to two counts of criminal sale of a controlled substance in the third degree, admitting that she had sold heroin on the dates charged. Consistent with the plea agreement, County Court sentenced defendant, as an admitted second felony offender, to concurrent prison terms of three years for each conviction, to be followed by three years of postrelease supervision, to be served consecutively to the prison term she was then serving. Defendant now appeals.
Initially, we agree with defendant that her waiver of appeal is not valid. While a waiver of appeal was recited as a condition of the plea agreement, the record does not contain a written waiver and the plea allocution reflects that, after defendant indicated that she did not understand the waiver of appeal, County Court allowed her to confer with counsel but failed to make clear that the right to appeal is separate and distinct from the trial-related rights that were automatically forfeited by her guilty plea (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Warren, 160 AD3d 1286, 1287 [2018]; People v Destouche, 154 AD3d 1003, 1004 [2017]). As the record does not demonstrate that defendant had a "full appreciation of the consequences" of the waiver so as to establish that it was knowing, voluntary and intelligent (see People v Bradshaw, 18 NY3d 257, 264 [2011] [internal quotation marks and citation omitted]; compare People v Sanders, 25 NY3d 337, 339-341 [2015]), her challenge to the sentence as harsh and excessive is not precluded (see People v Lopez, 6 NY3d at 256). Nevertheless, we conclude that her challenge to the severity of the sentence lacks merit given her extensive criminal record and the fact that the drug sales occurred while she was on probation for a grand larceny conviction. Considering that defendant faced potential consecutive 12-year sentences for each of the heroin sales, which occurred months apart (see Penal Law
§§ 70.25 [2]; 70.70 [1] [b]; [3] [b] [i]), we discern no extraordinary circumstances or abuse of discretion warranting a reduction of the agreed-upon sentence in the interest of justice.
We are unpersuaded by defendant's argument that her sentence should be reduced because the parties were under the apparent misapprehension that, pursuant to Penal Law § 70.25
(2-a),[FN1] the sentences on the drug sale convictions were required, by law, to be imposed consecutively to the indeterminate 1 to 3-year sentence she was serving at the time of this sentencing. Defendant was aware that, regardless of the reason, the People's plea offer required that the sentences on the drug sales be served consecutively to the undischarged prison term that she was then serving, and defendant knowingly accepted that condition of the plea. We have examined defendant's remaining contentions and find that they lack merit.
Garry, P.J., Clark, Mulvey, Aarons and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: The record reflects that the charged sales were committed on December 7, 2015 and March 23, 2016. Subsequent to those sales, defendant was resentenced on May 4, 2016 to an indeterminate (1 to 3-year) prison term for violating probation on her prior grand larceny conviction. Thus, on the dates that the drug sales were committed, defendant was not "subject to an undischarged indeterminate sentence of imprisonment" (Penal Law § 70.25 [2-a]) so as to require that the drug sale sentences run consecutively to the indeterminate prison term. However, the terms of the plea agreement required consecutive sentencing.