People v Carter (2018 NY Slip Op 07777)





People v Carter


2018 NY Slip Op 07777


Decided on November 15, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 15, 2018

108103

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
GERARD CARTER, Also Known as JUNE and SMOOTH, Appellant.

Calendar Date: October 18, 2018

Before: Egan Jr., J.P., Clark, Mulvey, Aarons and Pritzker, JJ.


Stephen W. Herrick, Public Defender, Albany (Jessica M. Gorman of counsel), for appellant.
Barbara D. Underwood, Attorney General, New York City (Jodi A. Danzig of counsel), for respondent.



MEMORANDUM AND ORDER
Egan Jr., J.P.
Appeal from a judgment of the County Court of Albany County (Lynch, J.), rendered November 13, 2015, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree.
As a result of an investigation by the Attorney General's Organized Crime Task force, defendant was charged in a 77-count indictment with conspiracy in the second degree and 20 additional felonies. After his arrest, defendant was charged in an eight-count indictment with crimes related to his possession of, among other things, a gun and heroin [FN1]. Pursuant to a detailed written plea agreement that included a waiver of appeal, the terms of which were outlined in open court, defendant pleaded guilty under count 6 of the 77-count indictment to criminal sale of a controlled substance in the third degree. Defendant also waived his right to appeal during the plea allocution and signed a one-page written waiver of appeal in court. The plea agreement contemplated a prison sentence of seven years followed by three years of postrelease supervision and satisfied all charges in both indictments and certain potential related charges. County Court sentenced defendant, as an admitted second felony offender, to the agreed-upon prison sentence, and defendant now appeals.
We affirm. Initially, defendant's challenge to his combined oral and written waivers of appeal is without merit (see People v Lopez, 6 NY3d 248, 256 [2006]; see also People v Sanders, 25 NY3d 337, 340-341 [2015]). During the plea colloquy, County Court first apprised defendant [*2]of the constitutional, trial-related rights that were forfeited upon his guilty plea (see People v Tyrell, 22 NY3d 359, 365 [2013]), and then advised him that, while he would ordinarily retain the right to appeal, this plea agreement also required that he waive that right in addition to his trial rights, making clear the separate and distinct nature of the appeal waiver (see People v Lopez, 6 NY3d at 256; People v Tucker, 164 AD3d 948, 949 [2018]). A waiver of appeal was included in the written plea agreement, which defendant signed in open court after acknowledging that he had reviewed it with counsel. After conferring with counsel, defendant then signed the one-page written waiver of appeal, which also advised him of his rights, in which he expressly waived his right to appeal the conviction and sentence. In response to the court's questions, defendant indicated that he understood and agreed to be bound by it. Under these circumstances, we find that the waiver of appeal was knowing, voluntary and intelligent (see People v Sanders, 25 NY3d at 340-341; People v Lopez, 6 NY3d at 256; People v Brown, 163 AD3d 1269, 1270 [2018]; see also People v Bryant, 28 NY3d 1094, 1095-1096 [2016]). Given defendant's valid appeal waiver, his challenge to the severity of the agreed-upon sentence is foreclosed (see People v Lopez, 6 NY3d at 256; People v Cayon, 158 AD3d 946, 947 [2018], lv denied 31 NY3d 1080 [2018]).
Clark, Mulvey, Aarons and Pritzker, JJ., concur.



Footnotes

Footnote 1: County Court denied the People's motion to consolidate the indictments.