People v Daniels (2018 NY Slip Op 08381)





People v Daniels


2018 NY Slip Op 08381


Decided on December 6, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 6, 2018

109312

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
ROBERT DANIELS, Also Known as GRAND PUBAR EL BEY and PUBAR, Appellant.

Calendar Date: October 26, 2018

Before: Egan Jr., J.P., Lynch, Devine, Aarons and Pritzker, JJ.


Brian M. Quinn, Albany, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Schenectady County (Sypnewski, J.), rendered January 12, 2017, convicting defendant upon his plea of guilty of the crimes of criminal possession of a weapon in the second degree and criminal facilitation in the fourth degree.
In satisfaction of a six-count indictment, defendant pleaded guilty to criminal possession of a weapon in the second degree and criminal facilitation in the fourth degree and waived his right to appeal. County Court sentenced defendant in accordance with the terms of the plea agreement to an aggregate prison term of 10½ years followed by three years of postrelease supervision, which sentence was to run concurrently with two previously imposed sentences. Defendant appeals.
Defendant's contention that the waiver of the right to appeal is invalid is without merit. The record reflects that County Court distinguished the waiver of the right to appeal as separate and distinct from the rights automatically forfeited by the guilty plea, and defendant affirmed his understanding of the waiver. Further, after conferring with counsel, defendant executed a written waiver of the right to appeal in open court and reaffirmed that he understood the ramifications of the appeal waiver. Under these circumstances, we find that defendant knowingly, voluntarily and intelligently waived his right to appeal (see People v Sanders, 25 NY3d 337, 341 [2015]; People v Tucker, 164 AD3d 948, 949 [2018]). As such, his challenge to the severity of the agreed-upon sentence is foreclosed (see People v Selim, 164 AD3d 1576, 1576 [2018]; People v Marable, 164 AD3d 1542, 1543 [2018]; People v Saunders, 162 AD3d 1217, 1218 [2018]). Although defendant's challenge to the voluntariness of the plea is not precluded by the valid appeal waiver, the issue is unpreserved for our review as the record does not reflect that defendant made an appropriate postallocution motion (see People v Jawan, 165 AD3d 1350, 1351 [2018]; People v Norton, 164 AD3d 1502, 1503 [2018]). Moreover, the narrow exception to the preservation rule is inapplicable as defendant did not make any statements during the plea colloquy that cast doubt [*2]upon his guilt or called into question the voluntariness of his plea (see People v Lopez, 71 NY2d 662, 666 [1988]; People v Lamb, 162 AD3d 1395, 1396 [2018]).
Egan Jr., J.P., Lynch, Devine, Aarons and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.