People v Barone (2019 NY Slip Op 03353)





People v Barone


2019 NY Slip Op 03353


Decided on May 1, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 1, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JOHN M. LEVENTHAL
JEFFREY A. COHEN
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2017-02609

[*1]The People of the State of New York, respondent,
v
Frank Barone, appellant. (S.C.I. No. 2951/16)


Janet E. Sabel, New York, NY (Heidi Bota of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Roni C. Piplani of counsel; Victoria Randall on the memorandum), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Queens County (Stephanie Zaro, J.), imposed January 31, 2017, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
The defendant's purported waiver of his right to appeal was invalid (see People v Sanders, 25 NY3d 337; People v Brown, 122 AD3d 133). The record does not demonstrate that the defendant understood the distinction between the right to appeal and the other rights that are automatically forfeited upon a plea of guilty (see People v Steffens, 164 AD3d 616; People v Laboy, 153 AD3d 1363; People v Contreras, 112 AD3d 649, 649; see also People v Muniz, 163 AD3d 589, 589-590). Thus, the purported waiver does not preclude appellate review of the defendant's excessive sentence claim. However, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
AUSTIN, J.P., LEVENTHAL, COHEN, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court