People v Womack (2019 NY Slip Op 04232)





People v Womack


2019 NY Slip Op 04232


Decided on May 30, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 30, 2019

108680

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
KEANNA WOMACK, Appellant.

Calendar Date: April 22, 2019

Before: Egan Jr., J.P., Mulvey, Devine, Aarons and Rumsey, JJ.


Jacob A. Vredenburgh, Wynantskill, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.



MEMORANDUM AND ORDER
Devine, J.
Appeal from a judgment of the County Court of Schenectady County (Murphy III, J.), rendered January 11, 2016, convicting defendant upon her plea of guilty of the crimes of assault in the second degree and attempted criminal possession of a controlled substance in the third degree.
Following a traffic stop, defendant was arrested and transported to the police station and, while attempting to conceal a bag of heroin, she exposed one of the arresting officers to its contents, necessitating that he receive medical care. Defendant was charged in a nine-count indictment with assault in the second degree, tampering with physical evidence and various drug-related crimes. In satisfaction of all charges, defendant pleaded guilty to assault in the second degree and to the reduced charge of attempted criminal possession of a controlled substance in the third degree, pursuant to a plea agreement that included a waiver of appeal. Consistent with the terms of the plea agreement, County Court sentenced defendant, as a second felony offender, to concurrent prison terms, the maximum of which is three years to be followed by five years of postrelease supervision. Defendant appeals.
We affirm. Contrary to defendant's contention, we find that her waiver of appeal was valid. County Court advised defendant during the plea allocution that an appeal waiver was a condition of the plea agreement and, after explaining the trial-related rights that she was forfeiting by pleading guilty, separately explained to her that she ordinarily retained the right to appeal but that a waiver of that right was a condition of the plea agreement, which defendant confirmed she understood (see People v Dickerson, 168 AD3d 1194, 1194 [2019]; People v Hall, 167 AD3d 1165, 1165-1166 [2018], lvs denied 32 NY3d 1201, 1204 [2019]). Defendant then signed a written waiver of appeal, which explained her appellate rights and the consequences of the waiver and confirmed that she had discussed her rights and the waiver with defense counsel, who confirmed to the court that she had reviewed the written waiver with defendant (see People [*2]v Moore, 167 AD3d 1158, 1159 [2018], lv denied 33 NY3d 951 [2019]). Although the court did not utilize the precise phrase "separate and distinct" (People v Lopez, 6 NY3d 248, 256 [2006]), it is well settled that "the court is not obliged to engage in any particular litany or catechism in satisfying itself that a defendant has entered a knowing, intelligent and voluntary appeal waiver" (People v Walker, 166 AD3d 1393, 1393-1394 [2018] [internal quotation marks and citation omitted]; see People v Sanders, 25 NY3d 337, 341 [2015]; People v Lopez, 6 NY3d at 256). We are satisfied that the language employed here adequately conveyed to defendant that the right to appeal was separate and distinct from the trial-related rights forfeited by her guilty plea and did not impermissibly lump these distinct rights together (see People v Sanders, 25 NY3d at 341; People v Lopez, 6 NY3d at 257; People v Franklin, 164 AD3d 1547, 1548 [2018], lv denied 32 NY3d 1171 [2019]). Accordingly, we find that defendant's combined oral and written waiver of appeal was knowing, voluntary and intelligent (see People v Lopez, 6 NY3d at 256; People v Hall, 167 AD3d at 1165-1166; People v Martinez, 166 AD3d 1376, 1377 [2018], lv denied 32 NY3d 1207 [2019]). Given defendant's valid appeal waiver, her challenge to the sufficiency of the plea allocution is precluded (see People v Maddaloni, 166 AD3d 1235, 1235 [2018]; People v Wood, 161 AD3d 1447, 1448-1449 [2018]).
Egan Jr., J.P., Mulvey, Aarons and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed.