People v Brown (2019 NY Slip Op 04964)





People v Brown


2019 NY Slip Op 04964


Decided on June 19, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 19, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JOHN M. LEVENTHAL
JEFFREY A. COHEN
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2017-04830
 (Ind. No. 8094/15)

[*1]The People of the State of New York, respondent,
v
Patrick Brown, appellant.


Paul Skip Laisure, New York, NY (Anna Kou of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Solomon Neubort of counsel; Ruby D. Andrade on the memorandum), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County (Bruce M. Balter, J.), imposed January 11, 2017, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
Contrary to the People's contention, the record does not reflect that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Bradshaw, 18 NY3d 257; see also People v Jones, 158 AD3d 775; People v Policastro, 142 AD3d 679). Given the defendant's inexperience with the criminal justice system, the Supreme Court's terse colloquy at the plea allocution as to the waiver of his right to appeal was insufficient. Further, the court lumped the waiver of the right to appeal into the panoply of rights normally forfeited upon a plea of guilty, rendering the waiver unintelligent, unknowing, and involuntary (see People v Bradshaw, 18 NY3d at 264-265; cf. People v Sanders, 25 NY3d 337, 341-342). Thus, the defendant's purported waiver of his right to appeal does not preclude appellate review of his excessive sentence claim.
However, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
AUSTIN, J.P., LEVENTHAL, COHEN, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court