People v Mednik (2019 NY Slip Op 05190)





People v Mednik


2019 NY Slip Op 05190


Decided on June 27, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 27, 2019

Sweeny, J.P., Renwick, Webber, Oing, JJ.


5579/14 -985/15 9738B 5082/15 9738A 9738

[*1] The People of the State of New York, Respondent,
v
Stella Mednik, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Christina Wong of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Noreen M. Stackhouse of counsel), for respondent.



Judgments, Supreme Court, New York County (Laura A. Ward, J.), rendered January 22, 2016, convicting defendant, upon her pleas of guilty, of grand larceny in the fourth degree, assault in the second degree, criminal possession of a controlled substance in the seventh degree, aggravated unlicensed operation of a motor vehicle in the first degree (two counts), vehicular assault in the second degree, reckless endangerment in the second degree, reckless driving, driving while intoxicated, driving while ability impaired by the combined influence of drugs or of alcohol and any drugs (two counts), and leaving the scene of an incident without reporting, and sentencing her to an aggregate term of five years, unanimously affirmed.
Defendant made valid waivers of her right to appeal, which foreclose review of her suppression and excessive sentence claims. The court's oral colloquy sufficiently separated the right to appeal from the trial rights automatically forfeited by a guilty plea. The combination of this colloquy and the written waivers that defendant signed after consulting with her attorney sufficiently demonstrated that defendant, who had been an attorney herself before her disbarment in 2014, knowingly and intelligently waived her right to appeal (see People v Sanders, 25 NY3d 337, 341 [2015]). We have considered and rejected defendant's remaining arguments concerning the waivers.
Regardless of whether defendant made valid waivers of her right to appeal, we find that the court properly denied her suppression motions. The record supports the hearing court's findings that the police had probable cause to arrest defendant, and that the blood sample obtained pursuant to search warrant and the pipes with cocaine residue recovered from her car during an inventory search were admissible. We also perceive no basis for reducing the sentences.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 27, 2019
CLERK