People v Davis (2019 NY Slip Op 05681)





People v Davis


2019 NY Slip Op 05681


Decided on July 17, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 17, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2017-02545
2017-02547

[*1]The People of the State of New York, respondent,
v
Alfred Davis, appellant. (Ind. Nos. 7254/14, 3736/15)


Paul Skip Laisure, New York, NY (Ronald Zapata of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Victor Barall of counsel; Marielle Burnett on the memorandum), for respondent.



DECISION & ORDER
Appeals by the defendant, as limited by his motion, from two sentences of the Supreme Court, Kings County (William Miller, J., at plea; Matthew Sciarrino, Jr., J., at sentence), both imposed January 30, 2017, upon his pleas of guilty, on the ground that the sentences were excessive.
ORDERED that the sentences are affirmed.
Contrary to the defendant's contention, the record of the plea proceeding demonstrates that he understood that the appeal waiver was separate and distinct from those rights automatically forfeited upon a plea of guilty, and that he was voluntarily relinquishing that right in consideration for the promised sentences (see People v Sanders, 25 NY3d 337, 341; People v Spitzer, 163 AD3d 591, 592; People v Brown, 122 AD3d 133, 144). The record of the plea proceeding also demonstrates that the defendant received an explanation of the nature of the right to appeal and the consequences of waiving that right (see People v Rocchino, 153 AD3d 1284, 1285; People v Stiles, 143 AD3d 747, 747). Under the circumstances, the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Sanders, 25 NY3d at 339-342; People v Ramos, 7 NY3d 737, 738).
The defendant's valid waiver of his right to appeal precludes appellate review of his contention that the sentences imposed were excessive (see People v Lopez, 6 NY3d 248, 255-256).
BALKIN, J.P., CHAMBERS, COHEN, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court