People v Kim (2020 NY Slip Op 00302)





People v Kim


2020 NY Slip Op 00302


Decided on January 15, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 15, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2018-07092 
2018-07093

[*1]The People of the State of New York, respondent,
v
Jay Kim, appellant. (Ind. Nos. 2645/17, 2786/17)


Janet E. Sabel, New York, NY (Lorca Morello of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Christopher Blira-Koessler of counsel; Bijan J. Torabi on the brief), for respondent.



DECISION & ORDER
Appeals by the defendant from two judgments of the Supreme Court, Queens County (Joseph A. Zayas, J., at plea; John F. Zoll, J., at sentence), both rendered April 25, 2018, convicting him of robbery in the first degree under Indictment No. 2645/17 and robbery in the first degree under Indictment No. 2786/17, upon his pleas of guilty, and imposing sentences.
ORDERED that the judgments are affirmed.
Contrary to the defendant's contention, he knowingly, voluntarily, and intelligently waived his right to appeal (see People v Ramos, 7 NY3d 737, 738; People v Lopez, 6 NY3d 248, 256-257). The record demonstrates that the defendant had a full appreciation of the consequences of the waiver, and understood that the appeal waiver was separate and distinct from those rights automatically forfeited upon his pleas of guilty (see People v Sanders, 25 NY3d 337, 340; People v Bradshaw, 18 NY3d 257, 264; People v Lopez, 6 NY3d at 256; People v Rodriguez, 176 AD3d 1111; People v Cottell, 172 AD3d 1223, 1223). The defendant's valid waiver of his right to appeal precludes appellate review of his contention that the sentences imposed were excessive (see People v Bradshaw, 18 NY3d at 265; People v Ramos, 7 NY3d at 738; People v Lopez, 6 NY3d at 255).
DILLON, J.P., COHEN, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court