People v Santiago (2022 NY Slip Op 05611)

People v Santiago

2022 NY Slip Op 05611

Decided on October 06, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 06, 2022

Before: Manzanet-Daniels, J.P., Mazzarelli, Moulton, Kennedy, Pitt, JJ. 

Ind No. 2373/08 Appeal No. 16342 Case No. 2016-322 

[*1]The People of the State of New York, Respondent,
v
Hector Santiago, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Svetlana M. Kornfeind of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Amanda Katherine Regan of counsel), for respondent.

Judgment, Supreme Court, New York County (Gregory Carro, J.), rendered July 23, 2015, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree, and sentencing him to a conditional discharge, unanimously affirmed.
Defendant made a valid waiver of his right to appeal (see generally People v Lopez, 6 NY3d 248, 256 [2006]), thereby foreclosing review of his suppression claim. The plea court separately explained the right to appeal and did not conflate it with the other rights waived (see People v Sanders, 25 NY3d 337, 341 [2015]). It also explained that this right would "[n]ormally" apply but that a waiver would be "part of this plea," that is, a condition of this particular disposition, if defendant accepted it. The appeal right and waiver were also described accurately and in detail in the written waiver form. Defendant had an opportunity to discuss the form with his attorney, and defendant confirmed that he read and understood the form (see People v Thomas, 34 NY3d 545, 560 [2019], cert denied 589 US _, 140 S Ct 2634 [2020]). "To the extent the court's oral colloquy could be viewed as suggesting that defendant was waiving all appellate rights, any ambiguity was resolved by the written waiver" (People v Ruperto, 200 AD3d 566, 567 [1st Dept 2021], lv denied 38 NY3d 953 [2022]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 6, 2022