People v Jackson (2023 NY Slip Op 00440)

People v Jackson

2023 NY Slip Op 00440

Decided on February 1, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 1, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2022-04123

[*1]The People of the State of New York, respondent,
v
Deloris K. Jackson, appellant. (S.C.I. No. 172/21)

Carol Kahn, New York, NY, for appellant.
William V. Grady, District Attorney, Kew Gardens, NY (Kirsten Rappleyea of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Edward T. McLoughlin, J.), rendered May 16, 2022, convicting her of burglary in the second degree, upon her plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, the record establishes that she validly waived her right to appeal. "A waiver of the right to appeal 'is effective only so long as the record demonstrates that it was made knowingly, intelligently and voluntarily'" (People v Orta, 169 AD3d 932, 932, quoting People v Lopez, 6 NY3d 248, 256; see People v Thomas, 34 NY3d 545). This standard is satisfied "when a defendant has 'a full appreciation of the consequences' of such waiver" (People v Bradshaw, 18 NY3d 257, 264, quoting People v Seaberg, 74 NY2d 1, 11; see People v Sanders, 25 NY3d 337, 340). "[I]n determining whether the record demonstrates that a defendant understood an appeal waiver's consequences, proper considerations include the defendant's consultation with counsel and on-the-record acknowledgments of understanding" (People v Thomas, 34 NY3d at 560). The record demonstrates that the defendant knowingly, voluntarily, and intelligently waived her right to appeal (see People v Thomas, 34 NY3d 545; People v Lopez, 6 NY3d at 254, 257).
The defendant's valid waiver of her right to appeal precludes appellate review of her contention that the sentence imposed was excessive (see People v Lopez, 6 NY3d at 255-256).
DILLON, J.P., CHRISTOPHER, FORD and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court