People v Santos (2023 NY Slip Op 05334)

People v Santos

2023 NY Slip Op 05334

Decided on October 19, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 19, 2023

Before: Kapnick, J.P., Singh, Friedman, González, Shulman, JJ. 

Ind No. 4581/18 Appeal No. 860 Case No. 2021-04084 

[*1]The People of the State of New York, Respondent,
v
Juan M. Silva Santos, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Elizabeth M. Vasily of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Andrew E. Seewald of counsel), for respondent.

Judgment, Supreme Court, New York County (Kate Paek, J.), rendered on or about October 21, 2021, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree, and sentencing him to a term of nine years and two years' postrelease supervision, unanimously affirmed.
Defendant's claim that waiver of his right to participate in, and apply to, the shock incarceration program runs afoul of public policy and infringes upon the Department of Correction's statutorily authorized role in determining conditions of confinement is unavailing. Here, the record indicates that he voluntarily, knowingly, and intelligently waived this right (see People v DeWitt, 166 AD3d 1572 [4th Dept 2018], lv denied 32 NY3d 1171 [2019]; see generally Correction Law § 865).
Defendant also made a valid waiver of his right to appeal (see People v Thomas, 34 NY3d 545, 558 [2019], cert denied 589 US _ , 140 S Ct 2634 [2020]; People v Sanders, 25 NY3d 337, 341-342 [2015]). The combination of the court's oral colloquy with defendant and the detailed written waiver that he signed after consultation with counsel satisfied the requirements of a valid waiver. This waiver forecloses review of defendant's excessive sentence claim (see People v Jackson, 138 AD3d 403 [1st Dept 2016], lv denied 27 NY3d 1152 [2016]). Notwithstanding the waiver, we perceive no basis for reducing defendant's sentence.
Defendant's remaining contentions are unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 19, 2023