People v Champion (2024 NY Slip Op 05069)

People v Champion

2024 NY Slip Op 05069

Decided on October 15, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 15, 2024

Before: Singh, J.P., Gesmer, González, Mendez, Rodriguez, JJ. 

Ind. No. 1037-20 Appeal No. 2788 Case No. 2022-02043 

[*1]The People of the State of New York, Respondent,
v
Haywood Champion, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Benjamin Rutkin-Becker of counsel), for Appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Patricia Curran of counsel), for respondent.

Judgment, Supreme Court, New York County (Curtis Farber, J.), rendered April 14, 2022, convicting defendant, upon his plea of guilty, of attempted criminal possession of a weapon in the second degree, and sentencing him to a term of 3 years followed by 1½ years of postrelease supervision, unanimously affirmed.
Defendant made a valid waiver of his right to appeal (see People v Thomas, 34 NY3d 545, 559-560 [2019], cert denied 586 US __ [2020]; People v Bryant, 28 NY3d 1094 [2016]), which forecloses review of his suppression claims. The court's oral explanation of the appeal waiver "was sufficient because the right to appeal was adequately described without lumping it into the panoply of rights normally forfeited upon a guilty plea" (People v Sanders, 25 NY3d 337, 342 [2015]). Moreover, defendant executed a detailed written waiver that he discussed with counsel, which explained that the right to appeal was separate and distinct from the rights forfeited by pleading guilty (People v Ramos, 7 NY3d 737, 738 [2006]). Contrary to defendant's contention, the court provided defendant several opportunities to decline to proceed with the waiver, even after he had signed it, and defendant elected to proceed. Since defendant's waiver of the right to appeal was knowing, intelligent, and voluntary, the waiver precludes our review of the denial of defendant's motion to controvert the search warrant (People v Miranda, 196 AD3d 417, 418 [1st Dept 2021], lv denied 37 NY3d 994 [2021]). In any event, we find defendant's suppression claims unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 15, 2024