People v Walcott (2025 NY Slip Op 03211)

People v Walcott

2025 NY Slip Op 03211

Decided on May 28, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 28, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
VALERIE BRATHWAITE NELSON
HELEN VOUTSINAS
PHILLIP HOM, JJ.

2022-04999
 (Ind. No. 1722/20)

[*1]The People of the State of New York, respondent,
v
Rawle Walcott, appellant.

Patricia Pazner, New York, NY (Steven C. Kuza of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Ann Bordley of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Laura Johnson, J.), rendered June 6, 2022, convicting him of criminal possession of a firearm, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, his waiver of the right to appeal was valid. The record establishes that the defendant acknowledged that the appeal waiver was condition of the plea bargain prior to his plea of guilty and admission of guilt. Thus, it cannot be said that the appeal waiver "was a gratuitous, after-the-fact additional demand asserted after the bargain had already been struck" (People v Sutton, 184 AD3d 236, 245; see People v Bryant, 28 NY3d 1094, 1095-1096; People v Williams, 227 AD3d 480, 481). Under the totality of the circumstances, including the extensive explanation of the right to appeal provided to the defendant and the defendant's execution of a written waiver of appeal, the waiver was knowing, voluntary, and intelligent (see People v Sanders, 25 NY3d 337, 340; People v Bradshaw, 18 NY3d 257, 264).
The defendant's valid waiver of his right to appeal precludes appellate review of his contention that Penal Law §§ 265.03(3) and 265.01-b(1) and Administrative Code of the City of New York § 10-131(i)(3) are unconstitutional in light of New York State Rifle & Pistol Assn., Inc. v Bruen (597 US 1) (see People v Victor, 235 AD3d 783, 784; People v White, 234 AD3d 884, 885), as well as his contention that the sentence imposed was excessive (see People v Lopez, 6 NY3d 248, 256).
DILLON, J.P., BRATHWAITE NELSON, VOUTSINAS and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court