People v Coon (2025 NY Slip Op 05404)

People v Coon

2025 NY Slip Op 05404

Decided on October 3, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 3, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., BANNISTER, SMITH, NOWAK, AND DELCONTE, JJ.

709 KA 23-01488

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DONALD . COON, DEFENDANT-APPELLANT. 

BANASIAK LAW OFFICE, PLLC, SYRACUSE (PIOTR BANASIAK OF COUNSEL), FOR DEFENDANT-APPELLANT. 
ANTHONY J. DIMARTINO, JR., DISTRICT ATTORNEY, OSWEGO (AMY L. HALLENBECK OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Oswego County Court (Melinda H. McGunnigle, A.J.), rendered June 22, 2023. The judgment convicted defendant upon his plea of guilty of murder in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of murder in the second degree (Penal Law § 125.25 [1]). We affirm. Contrary to defendant's contention, his waiver of the right to appeal was knowing, voluntary, and intelligent (see generally People v Thomas, 34 NY3d 545, 564 [2019], cert denied — US —, 140 S Ct 2634 [2020]; People v Edmonds, 229 AD3d 1275, 1278 [4th Dept 2024], lv denied 43 NY3d 930 [2025]).
Defendant's valid waiver of the right to appeal forecloses his challenge to County Court's adverse suppression ruling (see Thomas, 34 NY3d at 564-565; People v Sanders, 25 NY3d 337, 339-342 [2015]; Edmonds, 229 AD3d at 1278).
We have considered defendant's remaining contention and conclude that it does not warrant reversal or modification of the judgment.
Entered: October 3, 2025
Ann Dillon Flynn
Clerk of the Court