People v Douglas (2025 NY Slip Op 06178)

People v Douglas

2025 NY Slip Op 06178

Decided on November 12, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 12, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
BARRY E. WARHIT
CARL J. LANDICINO
LAURENCE L. LOVE, JJ.

2022-10455
 (Ind. No. 71965/22)

[*1]The People of the State of New York, respondent,
v
Isaiah Douglas, appellant.

Patricia Pazner, New York, NY (Alice R. B. Cullina and Victoria Benton of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Sholom J. Twersky, and Terrence F. Heller of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (John T. Hecht, J.), rendered November 10, 2022, convicting him of attempted criminal possession of a forged instrument in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, without a hearing (Matthew A Sciarrino, Jr., J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.
ORDERED that the judgment is affirmed.
Contrary to the People's contention, the record fails to establish that the defendant knowingly, intelligently, and voluntarily waived his right to appeal (see People v Sanders, 25 NY3d 337; People v Seaberg, 74 NY2d 1, 11). The appeal waiver was not mentioned at the beginning of the plea proceeding. Rather, it was not until after the defendant already had admitted to the facts of the crime that the Supreme Court mentioned the waiver. At that point, the court asked defense counsel if he had "looked at" the written waiver of the right to appeal. Defense counsel replied that he had not. Then, after a pause in the proceedings, defense counsel stated, "We have reviewed it." Thus, the waiver of the right to appeal appears to have been an "after-the-fact additional demand asserted after the bargain had already been struck" (People v Williams, 235 AD3d 1017, 1018 [internal quotation marks omitted]). Accordingly, the record fails to establish that the defendant knowingly, intelligently and voluntarily waived his right to appeal (see People v Sanders, 25 NY3d at 340).
However, that branch of the defendant's omnibus motion which was to suppress physical evidence was properly denied without a hearing (see CPL 710.60[3]; People v Ibarguen, 37 NY3d 1107, 1108) since the warrantless search of the defendant's home by his parole officer was consented to by the defendant as part of his parole conditions and was reasonably related to the performance of the parole officer's duties (see People v Moses, 177 AD3d 619, 621; People v Purnell, 166 AD3d 814, 815). The defendant's contentions to the contrary are based upon speculation.
BARROS, J.P., WARHIT, LANDICINO and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court