People v Whitney (2026 NY Slip Op 00266)

People v Whitney

2026 NY Slip Op 00266

Decided on January 21, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 21, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
FRANCESCA E. CONNOLLY
LAURENCE L. LOVE
SUSAN QUIRK, JJ.

2022-08162
 (Ind. No. 46/20)

[*1]The People of the State of New York, respondent,
vTerrell Whitney, appellant.

Patricia Pazner, New York, NY (Steven C. Kuza of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Ann Bordley of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Jill Hedy Konviser, J.), rendered September 15, 2022, convicting him of attempted criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's waiver of his right to appeal was valid (see People v Richards, 238 AD3d 1176, 1176; People v Victor, 235 AD3d 783, 784). Contrary to the defendant's contention, the appeal waiver was mentioned as being a condition of the plea agreement prior to the defendant's plea of guilty and admission of guilt (see People v Sutton, 184 AD3d 236, 245). Under the totality of the circumstances, the appeal waiver was knowing, voluntary, and intelligent (see People v Sanders, 25 NY3d 337, 340; People v Bradshaw, 18 NY3d 257, 264).
The defendant's constitutional challenge to the State's firearm licensing scheme in light of New York State Rifle & Pistol Assn., Inc. v Bruen (597 US 1) is not precluded by his valid appeal waiver (see People v Johnson, _____ NY3d _____, _____, 2025 NY Slip Op 06528, *3). However, as the defendant failed to raise the constitutional challenge before the Supreme Court, it is unpreserved for appellate review (see CPL 470.05[2]; People v Johnson, _____ NY3d at _____, 2025 NY Slip Op 06528, *3-4 [Cannataro, J., concurring]; People v Cabrera, 41 NY3d 35, 42), and we decline to reach it in the exercise of our interest of justice jurisdiction.
DUFFY, J.P., CONNOLLY, LOVE and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court